Charles L. NELMS, Plaintiff-Appellant,

v.

John W. GARDNER, Secretary of Health, Education and Welfare, Defendant-Appellee.

No. 17357.

United States Court of Appeals Sixth Circuit.

Dec. 8, 1967.

H. H. Gearinger, of Gearinger & Vineyard, Chattanooga, Tenn., for appellant.

Thomas A. Williams, Asst. U. S. Atty., Chattanooga, Tenn., for appellee, J. H. Reddy, U. S. Atty., Chattanooga, Tenn., on the brief.

Before PHILLIPS, PECK and McCREE, Circuit Judges.

JOHN W. PECK, Circuit Judge.

This is an appeal from an order of the District Court for the Eastern District of Tennessee, Southern Division, affirming the Secretary's denial of appellant's application for disability benefits and a period of disability under sections 223 and 216(i) of the Social Security Act. 42 U.S.C. §§ 423, 416(i).

As a result of an industrial accident in 1947, appellant lost four fingers on his left hand for which he received Workmen's Compensation benefits. This impairment, however, did not prevent appellant from returning to gainful employment, and in 1963, while at work, appellant sustained a back injury. Subsequent to this occurrence, appellant has been declared 100% permanently disabled by a Tennessee court for purposes of the Workmen's Compensation Act of Tennessee.

The District Court, after discounting many of the Hearing Examiner's conclusions (the decision of the Hearing Examiner was adopted by the Appeals Council, thus becoming the final decision of the Secretary), determined that "there is no substantial evidence in the record to support any conclusion other than that the plaintiff has, since the date of the accident, been unable to engage in his usual employment, that is, heavy manual labor." The court did, however, rule that the Secretary's decision that appellant had the residual capacity to engage in light, sedentary jobs available in the local geographic area was supported by substantial evidence.

The medical evidence consisting of reports from four physicians was neither exhaustive nor conclusive, as reflected by the District Court's observation that had it been trying the case de novo, it "might have felt it appropriate to seek more evidence. * * *" Dr. Donaldson, an orthopedic surgeon, who stated that x-rays of the lumbar spine were negative for bony pathology, diagnosed "residuals of low back sprain." This doctor considered appellant to be 25–30% disabled (possibly correctable to 15% with surgery), and restricted appellant from bending, stooping, lifting and prolonged weight bearing. Dr. McClary, also an orthopedic specialist, noted no fracture or displacement, diagnosed chronic lumbosacral strain with nerve root compression, and limited appellant from bending or lifting objects. Still another orthopedic surgeon, Dr. Price, found moderate limitation of motion with acute tenderness in dorsolumbar area, and concluded that there was "little or no organic pathology of [appellant's] back as a result of the alleged accident," and that appellant's symptoms were primarily on a functional basis. Finally, Dr. Sottong, a psychiatrist diagnosed a possible herniated disc, stating that it was "impossible to determine at this time without a myelogram."

Dr. Sottong remarked that he could not "make a positive diagnosis of this condition being on a functional basis."

The record may fairly be considered conclusive as to appellant's inability to engage in gainful activities consisting of heavy manual labor, where lifting and bending is required, and in work requiring a relatively high degree of dexterity. Thus, the principal impairment alleged which might preclude appellant's employment in those light, sedentary jobs which demand neither of the above qualifications is his complaint of continuous, knife-like pains in his back. In discounting the severity of the pain complained of, the Secretary did not apply the proper standards.

■■■■■ First, the examiner stated that "general conclusions or naked medical diagnoses are insufficient [to establish a medically determinable impairment]." This holding was erroneous (Ross v. Gardner, 365 F.2d 554 (6th Cir. 1966); Polly v. Gardner, 364 F.2d 969 (6 Cir., 1966)), as was the corollary ruling that "the existence of a condition must be established by objective medical, clinical or laboratory evidence." Ross v. Gardner, supra; Polly v. Gardner, supra; Branham v. Gardner, 383 F.2d 614 (6th Cir. 1967).* It is clear from the Hearing Examiner's decision that these errors were prejudicial and the case therefore must be reversed. However, because the record does not establish that appellant is entitled to the benefits sought, rather than being remanded for entry of final judgment, the remand will be for the purpose of reconsideration by the Secretary in light of the correct legal standards, with instructions that either party be permitted to offer further evidence if they so desire.

■■■■■ Also, upon rehearing, appellant should be permitted to show the impropriety of the use of the extra-record medical information apparently noticed by the Examiner: "[S]evere pain must and does leave its stigmata, but there is no such showing here. His [appellant's] weight has remained constant since his accident, there has been no atrophy of the extremities and he has not been afflicted with joint deformity or ankylosis." The source of this information is not disclosed. While this standard was not used to contradict, or discredit, any medical evidence in the record (See Ross v. Gardner, supra), it goes to the heart of appellant's principal complaint of continuous back pain, and is a matter, not only not of common knowledge, but of debatable validity.

■■■■■ Appellant argues that the Tennessee state court decree declaring him to be 100% permanently disabled for purposes of Tennessee Workmen's Compensation benefits should be conclusive evidence that appellant cannot, as a practical matter, obtain a job. Appellant does not contend that the state decree is res judicata as to the issue of disability under the Social Security Act; nor does appellant specifically challenge the rule embodied in a social security regulation (§ 404.1525) that decisions by nongovernmental organizations or other governmental agencies are not determinative of the issue of "disability," other than to urge that the rule is inapplicable with respect to court decrees. Appellant thus claims that the cited regulation does not include "courts," and further argues that decisions by private companies and governmental agencies and commissions are "not on the level of a court's decree. * * *" This contention, as well as the one that the Secretary should "give more faith and credit to a decree of a court of competent jurisdiction than to an administrative determination * *" are considerations concerning the weight of the evidence, to be resolved by the trier of fact. E. g., Lane v. Gardner, 374 F.2d 612 (6th Cir. 1967). That a state court decree is not conclusive under the

---

* In *Branham*, the following holding by the Secretary was considered prejudicial and reversible error: "The Act requires that the impairment be 'medically determina-ble'; that is, the existence of an impairment must be established by objective medical, clinical, or laboratory evidence."

Social Security Act is seen in Lane v. Gardner, supra, where this court reversed a favorable decision for claimant, notwithstanding the fact that the claimant there had been receiving Workmen's Compensation benefits pursuant to an award of total disability by a Tennessee court. The District Court in the case at bar correctly held that while the state court decree was a factor to be considered, "the true inquiry in determining disability under the social security is whether a physical or mental impairment as such renders a claimant unable to engage in substantial gainful activity, not whether a claimant is rendered unable to find employment by the effect of a court decree."

 The receipt of additional medical evidence upon remand will necessarily require the taking of further testimony relating to the jobs which appellant is capable of performing and which are reasonably available within the general area of his residence, since the evidence of the vocational counselor on this issue was based primarily upon his consideration of the present record. With respect to this general issue of the availability of jobs within appellant's capacity, the Secretary rejected appellant's argument that no employer with enough employees to cause him to have workmen's compensation insurance would accept appellant for employment, even if he were able to work. We will not, upon the basis of the present record, disturb the Secretary's conclusion that the evidence fails to show the existence of any general employment practices of the restrictive nature urged by appellant. We point out, however, that the Secretary's alternative holding that "the issue is not the 'ability to get a job', but rather is the 'ability to do a job'" is inconsistent with the principles set forth in Sayers v. Gardner, 380 F.2d 940 (6th Cir. 1967), to the extent that the oversimplified standard here employed permits of no consideration of employers' hiring practices.

This is a close case. Dispite our doubts as to the correctness of the result reached in light of the apparent lack of marketable skills and abilities possessed by appellant, it is not clear that the Secretary has failed to carry the burden of showing the availability of jobs within appellant's reduced capabilities and within the general area of his residence. The medical evidence relating to appellant's back injury only indicates restrictions from bending, stooping or lifting. No doctor claimed appellant was totally disabled and the only doctor who gave an opinion as to the extent of his disabilities stated that appellant was 25–30% disabled. Moreover, the hearing examiner was able to observe and thus evaluate the effects of both of appellant's alleged impairments. A more complete development of the evidence would thus be desirable in disposing of this case.

The judgment of the District Court is reversed and the case is remanded to the Secretary for further proceedings consistent with this opinion.