**Charles P. ELAM, Plaintiff,**

**v.**

**Elliot L. RICHARDSON, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 7077.**

United States District Court,
S. D. Ohio, W. D.

Dec. 2, 1970.

Pierce E. Cunningham, Cincinnati, Ohio, for plaintiff.

Robert A. Steinberg, Asst. U. S. Atty., Cincinnati, Ohio, for defendant.

## JUDGMENT OF AFFIRMANCE AND DISMISSING COMPLAINT

HOGAN, District Judge.

The defendant Secretary decided that the plaintiff is not entitled to a period of disability or disability insurance benefits and this action is pursuant to 42 U.S.C. § 405(g) for review of that decision.

The parties agree, on brief in this court, that the former or usual occupation of Mr. Elam was that of a "tow-motor" operator. Disability is claimed due to a hearing deficiency and a back condition resultant from an accident in 1961. Plaintiff was born in 1912, was educated only through the 5th grade, and has had work experience as a carpenter, farmer, saw-filer, and various other labor jobs. After the 1961 accident his employer assigned him to the work of operating a tow-motor and this he did without any physical or other difficulty. He had operated a tow-motor before 1961, but had been reassigned and was doing some heavy labor work at the time he was hurt. Evidently the employer considered him unable to do heavy work after the accident and that resulted in his return to work as a tow-

motor operator. This work requires no personal effort of any moment or strain —it is like running an auto. In September of 1963 he was "bumped off" his tow-motor job for seniority reasons, reassigned to a light laboring job and did the job without difficulty. In April 1964, he was fired as a result of a dispute with his foreman over a lunch period. The "firing" was not related to inability to perform his job.

Mr. Elam first filed a disability claim in 1965, claiming disability from April, 1964. The claim progressed to the hearing examiner stage. The hearing examiner denied the claim and his decision was not appealed. Substantial testimony, including medical and vocational, was taken at that time and it is fair to state that the hearing examiner concluded that the claimant had not established any disability which would interfere with his performance of the job of "tow-motor operator."

Mr. Elam filed a second application in September, 1967, alleging disability since September of 1963—this despite his substantial gainful employment from September, 1963, to April of 1964. Again, substantial testimony, including medical and vocational, was taken before the hearing examiner and the second hearing examiner concluded, as had the first, that "the evidence fails to show that the claimant's impairments, singly or in combination, are or have been sufficiently severe to prevent him from performing his former occupation of operating a tow motor * * *."

Once it is established or conceded that the former usual work of Mr. Elam was that of a "tow-motor operator" the claimant bore the burden of producing "medical or other evidence" of inability to perform the duties. Or stated otherwise, a finding by the Secretary that Mr. Elam remains able to "operate a tow motor" must stand if there be any substantial evidence in the record to support that conclusion.

The evidence in this record is fairly summarized in the decisions of the two

hearing examiners and repetition would serve no useful purpose. The testimony of Dr. Richter (consultant), Dr. Freiberg (medical adviser who testified based, not on any treatment or examination, but on a review of all the medical evidence) and Dr. Heiser (a vocational expert) certainly furnished a substantial basis for the Secretary's conclusions that "tow-motoring" is light work which the plaintiff was still able to perform. (42 U.S.C. § 405(g).) True, there is substantial evidence contra, including testimony of the treating physicians. However, in the last analysis the record is simply in conflict, with substantial evidence pro and con the question of could the plaintiff, despite his difficulties, still efficiently operate a tow motor. In such a situation the choice is that of the fact finder, not to be disturbed by this Court. Lane v. Gardner, 374 F.2d 612 (6th Cir. 1967).

■■ In reviewing this record it has been noted (a) that the plaintiff was placed on a 35% disability by the Ohio Workmen's Compensation Board and (b) that it is doubtful whether personnel managers in this area would, in fact, employ the plaintiff, with his impediments, as a tow motor operator. However, as to (a) the fact is only relevant and not controlling. Nelms v. Gardner, 386 F.2d 971 (6th Cir., 1967) particularly on a record in which such a percent of disability is not equated with inability to operate a tow motor; as to (b) under the present act the question is not "whether he would or would not actually be hired" (H.R. 544, 90th Cong., 1st Sess. p. 30; Sen.Rep. 744, 90th, 1st, p. 44; U.S.Code Cong. & Admin.News 1967, pp. 2834, 2882) but whether "he is able to do the work." Gentile v. Finch, 423 F.2d 244 (3rd Cir. 1970).

There is substantial evidence in this record that the plaintiff, as of the times involved, could in fact, and despite his impediments, perform what in this record is established as the light work of a tow motor operator (his usual occupation).

The decision below is therefore affirmed and the complaint dismissed at plaintiff's costs.