**Oma F. JOLLEY, Appellant,**

v.

**Caspar W. WEINBERGER, Secretary of Health, Education and Welfare, Appellee.**

**No. 75–1785.**

United States Court of Appeals, Fourth Circuit.

Argued Jan. 6, 1976.

Decided April 5, 1976.

George H. Thomason, Spartanburg, S. C., for appellant.

James McCoy, Asst. U. S. Atty., Greenville, S. C. (Mark W. Buyck, Jr., U. S. Atty. Columbia, S. C., and Donald A. Harper, Asst. U. S. Atty., Greenville, S. C., on brief), for appellee.

Before WINTER, CRAVEN and RUSSELL, Circuit Judges.

WINTER, Circuit Judge:

This is an appeal from a judgment affirming the denial by the Secretary of Health, Education and Welfare of the claim of Mrs. Oma F. Jolley for disability benefits under 42 U.S.C. § 423(d)(1)(A). We conclude that the district court was correct in its holding that substantial evidence supported the Secretary's determination that the claimant was not disabled within the meaning of the statute. Accordingly, we affirm the judgment of the district court.

## I.

Mrs. Jolley, a widow in her sixties, alleged disability beginning in November, 1971, due to "hernias and ulcers." On the date she stopped working as a waitress— her principal occupation for nine of the previous eleven years—and in December, 1971, she had an operation including a hiatus hernia repair, vagotomy, pyloroplasty and gastrostomy. Since the operation she has complained of vomiting, diarrhea and stomach pains, along with blackout spells, chest pains, bursitis in her right arm, phlebitis in her left leg, shortness of breath on exertion, poor grip in her right hand, poor appetite and insomnia.

In addition to her physical problems, Mrs. Jolley also has some mental difficulties characterized by nervous tension and depression. These difficulties apparently worsened somewhat following her husband's death in July, 1972.

Despite these complaints, the administrative law judge who conducted the hearing on Mrs. Jolley's claim found that she was not disabled within the meaning of the Social Security Act. These findings were accepted by the Secretary and the district court. We, of course, must affirm the ruling if it is supported by substantial evidence. *Flack v. Cohen,* 413 F.2d 278 (4 Cir. 1969).

## II.

The claimant's first contention is that she is disabled by the physical problems related

to her hernia operation and alleged ulcer. A number of doctors' reports support the Secretary's conclusion that these difficulties did not result in disability within the meaning of the Act. Dr. Henry G. Kelley, Jr., in a report dated June 4, 1973, found that Mrs. Jolley "has done well post-operatively except for some moderate amount of pain." A full report by Dr. Walter G. Coker dated August 15, 1973 reveals no disabling physical difficulties, except the claimant's subjective complaints. His physical examination and laboratory findings were both negative and he states that Mrs. Jolley's general appearance suggests good health.

 While medical evidence is not necessarily conclusive on the ultimate fact of disability, such evidence may support an inference regarding that ultimate fact. *Laws v. Celebreeze,* 368 F.2d 640 (4 Cir. 1966). In this case, the medical reports clearly provide a sufficient basis for the Secretary's finding that the claimant was not disabled by her physical ailments.

### III.

Mrs. Jolley also claims that she is disabled by her mental condition. We have previously decided that mental illness alone may support a claim for disability. *Wyatt v. Weinberger,* 519 F.2d 1285 (4 Cir. 1975).

In this case, Dr. Bruce W. Ford, the only doctor who made an explicit finding regarding the extent to which the claimant had been disabled by her psychiatric problems found that Mrs. Jolley had been "severely impaired for one year." Dr. Ford did not specifically find the claimant was unable to engage in any substantial gainful activity— the standard for disability under the Act; nor did he shed light on the effect of "severe" impairment on a claimant whose previous work history was principally that of a waitress. He was of the opinion, however, that "with treatment with anti-depressant medications, there should be significant improvement in her condition." Although Dr. Ford's report was made June 8, 1973, the record is devoid of evidence that the medication that he recommended was ever administered.

On March 19, 1973, Dr. Francis Champion, the claimant's family physician, reported that the claimant "lacked pep and appeared somewhat depressed [but] is in good contact . . . communicates well, is competent to handle funds, shows no deterioration of ability to communicate." Dr. Champion did not express any specific opinion concerning the degree of disability. A later report by Dr. Champion on July 16, 1973, was no more specific. He said that he had last seen the claimant in May when he had discontinued her Valium and had given her Mellaril for nausea and vomiting. He said also that claimant might have "something that he had not uncovered," and he suggested sending her to an internist for evaluation. This was done, but the physical examination and laboratory findings were essentially negative.

 The Secretary's finding must be upheld if it is supported by inferences which can be properly drawn from record evidence. *Beane v. Richardson,* 457 F.2d 758 (9 Cir. 1972), cert. denied, 409 U.S. 859, 93 S.Ct. 144, 34 L.Ed.2d 105 (1973). We think that the Secretary, acting through the administrative law judge, could properly infer from Dr. Champion's initial report, his subsequent report and the internist's report, that the claimant's mental condition did not render her incapable of engaging in any substantial gainful activity. Especially is this inference permissible in view of the somewhat equivocal nature of Dr. Ford's findings.

AFFIRMED.