Rebecca **ROBERTS**

v.

Joseph A. **CALIFANO**, Jr.

**Civ. A. No. 76–2164.**

United States District Court,
E. D. Pennsylvania.

Oct. 5, 1977.

Richard P. Weishaupt, Community Legal Services, Philadelphia, Pa., for plaintiff.

Alexander Ewing, Jr., Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

This case comes before the court pursuant to Section 205(g) of the Social Security Act (Act), 42 U.S.C. § 405(g), to review a determination of the Secretary of Health, Education and Welfare (Secretary) refusing Rebecca Roberts' claim for Disabled Widow's Insurance Benefits under Section 223(d)(2)(B) of the Act, 42 U.S.C. § 423(d)(2)(B). Both the claimant and the Secretary have moved for summary judgment.

Claimant Rebecca Roberts applied for widow's benefits under the Act in February, 1974. Her claim was denied initially and upon reconsideration on the grounds that plaintiff's impairment did not meet the level of severity required by the Social Security Regulations. Subsequently, an Administrative Law Judge considered the case de novo, and on January 28, 1976, found that plaintiff was not under a disability. This decision became final on May 11, 1976.

Claimant challenges the findings of the Administrative Law Judge on several grounds. Specifically, claimant contends that the Administrative Law Judge (1) inappropriately applied the test for determining whether her ailments were "equivalent" to those listed by the Secretary; (2) failed to consider claimant's subjective testimony of pain; and (3) failed to consider claimant's subjective testimony of drowsiness and dizziness.

Mrs. Roberts' medical problems include obesity, varicose veins, degenerative joint disease, and cardiovascular disease resulting in heart-related problems such an angina, shortness of breath, and edema. She also contends that she suffers from frequent spells of dizziness and drowsiness, and is in a state of near constant pain. While the claimant readily concedes that none of her ailments rises to the level of severity required under the Secretary's *Listing of Impairments,* 20 C.F.R. Subpart P, Appendix (Listing), she nonetheless contends that all of her ailments considered cumulatively are the equivalent of a listed impairment. The Social Security Regulations provide that an applicant for Disabled Widow's Insurance Benefits be considered "Disabled" if her impairments "singly or in combination meet the duration requirement in § 404.1501 and are determined by the Secretary to be medically the equivalent of a listed impairment." 20 C.F.R. § 404.1504.

■ The scope of review for this appeal is whether or not the Secretary's findings are supported by substantial evidence on the record. However, "when a decision of the Secretary is based upon the application of incorrect standards, remand is proper without consideration of whether substantial evidence supports the ruling." *Brittingham v. Weinberger,* 408 F.Supp. 606 (E.D.Pa.1976). Claimant here contends that the Secretary did not apply proper standards in considering her disability insurance application.

■ Claimant first argues that the Secretary failed to determine whether the ailments suffered by her were the equivalent of those in the Listing, as required by 20 C.F.R. § 404.1504. However, after carefully reviewing the entire administrative record, we conclude that this contention is without merit. The Administrative Law Judge did view the claimant's ailments "in concert" and made the determination that "the claimant's impairments, individually or collectively, do not meet nor are they deemed the equivalent of the listing of impairments in subpart P." Transcript at 21.

Furthermore, we find that this conclusion is supported by substantial evidence.

Claimant also contends that the Administrative Law Judge failed properly to consider the claimant's testimony concerning her subjective feelings of pain. Claimant testified that she constantly experienced pain in her knees, due to her arthritic condition, and in her legs due to varicose veins. This pain greatly restricted claimant's ability to walk or climb stairs. Claimant also testified that she suffered from chest pains following even moderate activity.

■ An examination of the case law reveals that the Secretary in a disability case is required to consider the claimant's testimony with respect to pain if medical evidence would support the claim and then must make specific findings as to the claimant's credibility. *Bittel v. Richardson,* 441 F.2d 1193 (3d Cir. 1971); *Brittingham v. Weinberger,* 408 F.Supp. 606 (E.D.Pa.1976); *Candelaria v. Weinberger,* 389 F.Supp. 613 (E.D.Pa.1975). "Although the examiner's ultimate conclusion [may be] supported by disputed, but nevertheless, substantial medical evidence, that fact is immaterial unless, for *valid reasons,* the testimony of the plaintiff as to the pain and its effect on him, is to be discounted or disbelieved." *Candelaria v. Weinberger, supra,* at 621.

■ Defendant contends that the standard for widow's disability payments is higher, and that the claimant's subjective testimony of pain must be associated with "relevant abnormal findings." The Secretary supports this contention by pointing to the Listing, § 1.04, describing Angina Petoris, which states that "chest pain, by itself, in the absence of corroborative evidence, is insufficient to warrant a finding of disability." However, we reject this reasoning. Viewed as a whole, the regulations only require that testimony of pain be corroborated by some medical evidence that an ailment exists at all. Plaintiff concededly suffers from angina and the other ailments; the dispute is whether her ailments. meet the required level of severity. Surely testimony of pain is relevant in determining if the ailment meets the "equivalency" test. Furthermore, defendant cited no cases, nor could this Court find any cases, which distinguished between straight disability and widow's disability cases with regard to the weight to be accorded subjective testimony of pain. However, in *Tillman v. Weinberger,* 398 F.Supp. 1124 (N.D.Ind.1975), a widow's disability case, the court concluded that the Secretary is required to consider such testimony.

■ Bearing this legal standard in mind, we turn to the Secretary's findings. He states:

It is well known that pain is a subjective symptom which cannot be measured. It is also recognized that there are many disorders, degenerative diseases included, which can be accompanied by pain that is constant, unremitting and wholly unresponsive to treatment. Yet when an individual has suffered severe, long-standing pain, there are observable signs such as drawn features, significant weight loss, poor overall health and muscle atrophy because of physical inactivity in order to avoid discomfort. Such signs are absent in this case and the treating physician, Dr. Moore, indicated that the claimant took an occasional aspirin for her pain and stated there was no deformity or restrictions of range of motion in the joint most affected, her right knee.

Transcript at 20. Later, the Administrative Law Judge concludes that "The evidence does not establish that the claimant suffers from constant, unremitting pain of a degree of severity which would prevent her from engaging in gainful work activities." *Id.* at 21. We believe that these statements clearly demonstrate that the Administrative Law Judge did not give proper consideration to the claimant's subjective testimony of pain and did not make a determination regarding her credibility. Since there was medical evidence to support the existence of pain, the Administrative Law Judge was required to make findings regarding claim-

ant's credibility and discount such testimony only if there were valid reasons for doing so.

 Statements similar to those made by the Administrative Law Judge were expressly disapproved in *Ortiz v. Mathews,* Civil No. 75–2722 (E.D.Pa., January 31, 1977), and *Candelaria v. Weinberger,* 389 F.Supp. 613 (E.D.Pa.1975). In *Ortiz,* the court concluded that the Administrative Law Judge's conclusions regarding the nature and symptomology of pain were "an impermissible form of administrative notice." *Ortiz v. Mathews, supra.* The same conclusion may be drawn here. Although the Secretary's findings may in fact be supported by substantial evidence, that is not relevant here, since an incorrect legal standard was applied in evaluating the evidence. We must, therefore, remand this case to the Secretary.

With regard to claimant's final contention, that the Administrative Law Judge failed to consider plaintiff's subjective testimony regarding her dizzy spells and excessive sleepiness, we find no error on the record. The administrative record, fairly construed, demonstrates that the Administrative Law Judge considered the claimant's testimony carefully but concluded that these symptoms were neither of the frequency nor the severity to warrant a finding of disability. This finding is supported by substantial evidence on the record.

We deny both motions for summary judgment and remand.