Katherine KING

v.

SECRETARY OF HEALTH, EDUCA-
TION AND WELFARE.

Civ. A. No. 77–2482.

United States District Court,
E. D. Pennsylvania.

Sept. 14, 1979.

Leslie F. Kidd, Linda M. Bernstein, Community Legal Services, Inc., Philadelphia, Pa., for plaintiff.

Alexander Ewing, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

POLLAK, District Judge.

This case is here on cross-motions for summary judgment. Plaintiff seeks review, pursuant to 42 U.S.C. § 405(g), of a final decision of the Secretary of Health, Education, and Welfare denying her claim for disability insurance benefits. Plaintiff's application for benefits was denied both initially and on reconsideration by the Bureau of Disability Insurance of the Social Security Administration. A *de novo* hear-

ing was held, after which the Administrative Law Judge made a determination, based upon his own findings of fact, that plaintiff was not disabled. The finding was approved by the Administration's Appeals Council. Plaintiff then filed this suit challenging the adverse administrative determination.

The Administrative Law Judge held that the medical and vocational evidence did not support plaintiff's claim of disability. He found that plaintiff was capable of performing various sedentary jobs.

■ Plaintiff testified at the hearing that she suffers from disabling pain. Such pain, even when not medically confirmable, can provide a basis for a finding of disability. See *Bittel v. Richardson*, 441 F.2d 1193, 1195 (3d Cir. 1971), *Brittingham v. Weinberger*, 408 F.Supp. 606, 612 (E.D.Pa.1976) (Bechtle, J.). But in this instance, the Administrative Law Judge did not credit plaintiff's testimony:

The claimant has complained of pain in various portions of her body. It is well known that pain is a subjective symptom that is not measurable, and it is recognized that there are many disorders in which the common symbol, pain, is constant, and unremitting, and not responsive to therapeutic measures. Generally, when an individual has suffered severe pain for any protracted period of time, there are outward observable signs such as drawn features, and, in most cases, sharp weight loss or muscle atrophy due to disuse of the muscles for the purpose of avoiding discomfort together with a medical history replete with efforts to alleviate pain. In this case there are no such significant signs or circumstances. The claimant has no significant muscle atrophy, has maintained good weight for her height, and has the outward appearance of good health.

An examination and consideration of the entire record shows that the claimant has not received any potent, or protracted palliatives, or analgesics, for the relief of the alleged pain, and such pain as the claimant complains of, in the reasoned opinion of the Administrative Law Judge, has not significantly reduced, or affected her body mobility or the use of her extremities.

It is therefore the reasoned conclusion of the Administrative Law Judge that such pain, either by itself, or in combination with any other complaints which the claimant may have, does not prevent her from engaging in any substantial gainful activity.

■ A district court may review a decision of the Secretary denying disability benefits only to insure that (a) there is substantial evidence to support the findings of fact contained in the decision, and (b) the law is properly applied. See 42 U.S.C. § 405(g). Ordinarily, a court must defer to determinations of credibility made by the Administrative Law Judge. *Davis v. Califano*, 439 F.Supp. 94 (E.D.Pa.1977) (Newcomer, J.). Where, however, the Administrative Law Judge has made a determination of credibility upon an improper basis, the law has been improperly applied, and the case must be remanded to the Secretary for a proper determination. See *Roberts v. Califano*, 439 F.Supp. 188 (E.D.Pa.1977) (Huyett, J.); *Brittingham v. Weinberger, supra; Pellino v. Matthews*, Civ. 75–2673 (E.D.Pa. Dec. 8, 1976) (Ditter, J.); *Candelaria v. Weinberger*, 389 F.Supp. 613, 620–21 (E.D.Pa.1975) (Gorbey, J.). In order to insure that credibility determinations are made on a proper basis, the Secretary has on occasion been required to state on the record his reasons for declining to credit a claimant's assertion of pain. *Greth v. Califano*, 438 F.Supp. 1270 (E.D.Pa.1977) (Luongo, J.).

■ It has been held to be error for an Administrative Law Judge to take "administrative notice" of propositions concerning pain which are not common knowledge and which do not appear to be indisputable. See *Roberts v. Califano, supra*, 1439 F.Supp. at 192 (collecting cases); *Brittingham v. Weinberger, supra*, 408 F.Supp. at 613 n.5. Accord, *Nelms v. Gardner*, 386 F.2d 971, 973 (6th Cir. 1967). This case illustrates the problem: Some parts of the Administrative Law Judge's discussion relate to "observa-

ble" phenomena—e. g., the absence of "drawn features"; "the outward appearance of good health"—which any fact-finder (juror, judge, administrative judge) would be entitled to regard as proper "demeanor evidence" of lack of pain. But the Administrative Law Judge also relied on propositions—e. g., that absence of (a) significant muscle atrophy, or (b) marked weight loss, tends to belie a claimant's testimony that she suffers from great pain—which are not self-evident for all pain in every organ,[1] and which were not established on this record by expert testimony. Since the decision of the Administrative Law Judge rests in some measure on such propositions, the decision must be set aside and the case remanded to the Secretary for further proceedings.

If, on remand, plaintiff is represented by counsel—as she apparently was not during the proceedings now under review—reopening of the record should help to flesh out other factual matters which were deemed consequential by the Administrative Law Judge (e. g., the absence of evidence that the plaintiff has customarily taken analgesics or other medicines for the relief of pain) and/or relevant factual matters not hitherto canvassed at all.

---

1. See *Nelms v. Gardner, supra; Celebrezze v. Warren,* 339 F.2d 833, 836 (10th Cir. 1964); *Brittingham v. Weinberger, supra.*