**Minnie CURTIN, Plaintiff,**

v.

**Patricia Roberts HARRIS, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 80–3103.**

United States District Court,
D. New Jersey.

Feb. 19, 1981.

Mandel, Wysoker, Sherman, Glassner & Weingartner by Henry M. Spritzer, Perth Amboy, N. J., for plaintiff.

William W. Robertson, U. S. Atty. by G. Donald Haneke, Asst. U. S. Atty., Trenton, N. J., for defendant.

## MEMORANDUM

CLARKSON S. FISHER, Chief Judge.

This is an action under § 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to review a final decision of the Secretary of Health and Human Services denying plaintiff's claim for disability insurance benefits.

An administrative decision to deny benefits will be upheld on review if supported by "substantial evidence." 42 U.S.C. § 405(g); *Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir. 1979). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evi-

dence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). *See also Lewis v. Califano,* 616 F.2d 73, 76 (3d Cir. 1980). The conclusive effect of the substantial-evidence rule applies not only with respect to the Secretary's findings as to basic evidentiary facts, but also to inferences and conclusions drawn therefrom. *Jolley v. Weinberger,* 537 F.2d 1179, 1181 (4th Cir. 1976); *Reyes v. Secretary of HEW,* 155 U.S.App.D.C. 154, 476 F.2d 910, 914 (D.C. Cir.1973). Despite the deference to administrative decisions required by these standards, a reviewing court "retain[s] a responsibility to scrutinize the entire record and to reverse or remand if the Secretary's decision is not supported by substantial evidence." *Smith v. Califano,* 637 F.2d 968, at 970 (3d Cir. 1981); *Baerga v. Richardson,* 500 F.2d 309, 313 (3d Cir. 1974), *cert. denied,* 420 U.S. 931, 95 S.Ct. 1133, 43 L.Ed.2d 403 (1975). Further, even if the Secretary's factual findings are supported by substantial evidence, this court may review whether the administrative determination was made upon correct legal standards. *Strickland v. Harris,* 615 F.2d 1103, 1108 (5th Cir. 1980); *McCarty v. Richardson,* 459 F.2d 3, 4 (5th Cir. 1972).

■ The term disability means inability to engage in any substantial gainful activity by reason of a physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A). The existence of such impairment must be demonstrable by medically-acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3). Where a finding of disability cannot be made based on medical evidence alone, other evidence must be considered. Such evidence may include information about:

(1) The individual's residual functional capacity;

(2) The individual's age, education, and work experience; and

(3) The kinds of substantial gainful activity (work) which exists in significant numbers in the national economy for someone who can do only what the individual can do.

20 C.F.R. § 404.1502(b). *See* 42 U.S.C. § 423(d)(2)(A). Further, the court must consider the (1) objective medical facts; (2) diagnoses and medical opinions of examining physicians; (3) subjective evidence of pain and disability as described by plaintiff and corroborated by others who have observed him; and (4) plaintiff's age, educational background and work history. *Blalock v. Richardson,* 483 F.2d 773, 776 (4th Cir. 1972); *Gold v. Secretary of HEW,* 463 F.2d 38, 41 n.2 (2d Cir. 1972).

### I.

Plaintiff filed an application for disability insurance benefits on July 7, 1978 (Tr. 173–176), stating that she was unable to work beginning in February 1977 because of injuries to her neck, back, arms and shoulders. Her application was denied on August 10, 1978 (Tr. 177–178), as was her request for reconsideration (Tr. 180–181). On October 20, 1978 plaintiff requested a hearing before an administrative law judge (ALJ) (Tr. 56), and hearings in this matter were held on January 31, 1979 and March 12, 1979 (Tr. 58–172). The ALJ awarded plaintiff disability benefits for the period of February 19, 1977 to January 11, 1979, but not thereafter (Tr. 42–49). On November 19, 1979 the Appeals Council reviewed and vacated the decision of the ALJ and remanded the case for further development of the record to "clarify [plaintiff's] residual functional capacity" and resolve "the issue of pain" (Tr. 30). In his June 20, 1980 opinion, rendered subsequent to a hearing held on May 16, 1980, the ALJ again found that plaintiff's disability ceased on January 11, 1979 (Tr. 16–26). The decision of the ALJ became the final decision of the Secretary when it was approved by the Appeals Council on August 25, 1980 (Tr. 4–5).

### II.

In finding plaintiff not disabled, the ALJ relied on the reports of Drs. Cunningham,

Goldfedder and Feldman. Plaintiff's claim for disability benefits arises out of a work-related accident on February 19, 1977 in which she injured her neck (herniated disc at C5–6). As a result, plaintiff underwent two surgical procedures—an anterior discoidectomy at the C5–6 level and a spinal fusion at the C5–6 and C6–7 levels. As the ALJ indicated in his opinion, Dr. Cunningham, a treating neurosurgeon, found that plaintiff's post-operative objective neurologic exam was normal (Tr. 271, 273). However, Dr. Cunningham noted throughout all of his reports that plaintiff consistently complained of pain, and that her pain had regressed back to the point it was at prior to the spinal fusion (Tr. 273). Dr. Cunningham noted that the strongest evidence for persistent disability as a result of this pain "is [the] patient's word" (Tr. 289). From a mechanical and objective point of view, Dr. Cunningham had no further recommendations within the sphere of neurosurgery (Tr. 273). However, Dr. Cunningham noted that because of plaintiff's longstanding radiculopathy, irreversible changes in the nerves themselves may be responsible for her persistent pain (Tr. 273, 289).

Dr. Goldfedder similarly found no objective neurological findings to account for plaintiff's symptoms of radiculopathy and saw no indication for further diagnostic neurosurgical procedures or rehabilitative measures (Tr. 278). Dr. Goldfedder suggested that plaintiff become involved with psychiatric consultation and counselling or a pain clinic (Tr. 278). Despite Dr. Goldfedder's recognition of plaintiff's persistent pain, he concluded that plaintiff can lift frequently up to 50 lbs. (Tr. 279), in contrast to plaintiff's claim that she is only able to lift 5 lbs. (Tr. 156). Mr. Sofranko, a physical therapist, also corroborates plaintiff's persistent complaints of subscapular pain (Tr. 288).

Dr. Feldman, a psychiatrist to whom plaintiff was referred by the State of New Jersey, concluded that, in addition to plaintiff's physical problems, she has anxiety neurosis with depressive features. In his view, she has symptoms of anxiety and depression which might be helped by treatment at a local mental health center (Tr. 282).

Contrasted with the reports of Dr. Cunningham and Dr. Goldfedder, is the August 1979 report of plaintiff's physician, Dr. Sall, where it was concluded that plaintiff was totally disabled. Dr. Sall found pain with head motion radiating to the left arm; numbness of the thumb, 1st and 2nd fingers; back pain, tenderness and soreness with prolonged standing, sitting, walking, lifting, bending and twisting; difficulty sleeping due to pain (Tr. 274). Dr. Sall's diagnosis is post-operative state for removal of herniated disc and for cervical fusion with secondary lower lumbar myositis with upper extremity neuritis (Tr. 275).

Plaintiff testified at the hearing that despite all the medical treatment, she still experiences constant pain in her neck, left shoulder, left arm and lower back (e. g., Tr. 76, 99, 104, 138, 142, 145, 157, 161, 163, 164, 168). Plaintiff stated, while crying, that before she was injured she could work eight hours a day, come home, clean the house and do the cooking without any problem at all (Tr. 96). Now, pain allegedly keeps her from working at any job (Tr. 145–146). She stated that she (1) cannot sit for more than one hour; (2) drops things; (3) cannot stoop, and gets dizzy when she does; (4) cannot lift more than 5 lbs; (5) can only walk one-and-one-half blocks at a time; (6) can only drive five miles at a time; (7) needs rails to go up steps outside; and (8) changed her hair style because she could not hold her arm up long enough to tease her hair (Tr. 106, 154, 155, 156, 161, 162). Plaintiff stated that she does some light housework such as dusting and cooking, but that she depends upon her children to perform most household duties (Tr. 148, 152). Plaintiff occasionally takes Valium and sleeping pills because of pain, but she does not like medication because it makes her tired and groggy (Tr. 138–140). She also expressed concern over becoming drug dependent (Tr. 141). In response to the ALJ's inquiry as to whether plaintiff could do light assembly work, she stated that she knows she couldn't do that kind of work

and that if she felt as though she could, she would be out working already (Tr. 168).

## III.

It is well established that pain unaccompanied by objective findings may nevertheless support a claim for benefits. *Smith v. Califano*, 637 F.2d 968, at 973–974 (3d Cir. 1981); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979); *Northcutt v. Califano*, 581 F.2d 164, 166 (8th Cir. 1978); *Thorne v. Weinberger*, 530 F.2d 580, 583 (4th Cir. 1976); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931, 95 S.Ct. 1133, 43 L.Ed.2d 403 (1975); *Bittel v. Richardson*, 441 F.2d 1193, 1195 (3d Cir. 1971). Further,

> [a]lthough evidence of pain suffered by a claimant may be of necessity subjective in nature, and therefore difficult to evaluate, the administrative factfinder must give serious consideration to such evidence even though it is not fully corroborated by objective examinations and tests performed on the claimant. *See Thorne v. Weinberger*, 530 F.2d 580, 583 (4th Cir. 1976); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 [95 S.Ct. 1133, 43 L.Ed.2d 403] (1975). While the claimant has the burden of proving that the disability asserted results from a medically determinable physical or mental impairment, direct medical evidence of the cause and effect relationship between a physical impairment and the claimant's subjective pain need not be produced. *See Klug v. Weinberger*, 514 F.2d 423, 427 (8th Cir. 1975). There is no question that pain can cause disability within the meaning of the Social Security Act. *See Yawitz v. Weinberger*, 498 F.2d 956, 960–61 (8th Cir.

1974); *Murphy v. Gardner*, 379 F.2d 1, 7 n.8 (8th Cir. 1967).

*Northcutt v. Califano*, 581 F.2d at 166.[1]

The subjective evidence on record of plaintiff's pain, based on her own testimony and the medical reports of examining physicians, if believed, is more than ample to establish her disability. The Secretary does not dispute that plaintiff has complained of constant pain for years. It is also clear, however, that

> the Secretary is not obliged to accept without question the credibility of such subjective evidence.... The ALJ has discretion to evaluate the credibility of a claimant and to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant.

*Marcus v. Califano*, 615 F.2d at 27. Ordinarily, a court must defer to determinations of credibility made by the ALJ. *King v. Secretary of HEW*, 481 F.Supp. 947, 948 (E.D.Pa.1979); *Davis v. Califano*, 439 F.Supp. 94, 97 (E.D.Pa.1977). However, where the ALJ "has made a determination of credibility upon an improper basis, the law has been improperly applied, and the case must be remanded to the Secretary for a proper determination." *King v. Secretary of HEW*, 481 F.Supp. at 948.

It appears from the record that the ALJ premised his decision on an erroneous legal standard, placing an undue emphasis on the lack of objective findings in this case:

> [A]ll neurological findings were negative despite claimant's complaint that any activity increased her pain. He could recommend no additional treatment but stated that the claimant's own "word"

---

1. In this case, there can be no doubt plaintiff has demonstrated that her alleged disability results from a medically-determinable physical impairment. It is not disputed that plaintiff underwent two painful surgical procedures—an anterior discoidectomy and a spinal fusion. The ALJ himself found that plaintiff was suffering from a musculoskeletal disorder (Tr. 25). While plaintiff is not required to produce direct medical evidence of the cause and effect rela-

tionship between physical impairment and her subjective pain, even Dr. Cunningham, upon whom the ALJ relied to discredit plaintiff's testimony, intimated that post-operative irreversible changes in the nerves themselves may be responsible for plaintiff's long-standing radiculopathy (Tr. 273, 289). Conspicuously absent from the ALJ's decision is any reference to this possibility. Rather, the ALJ hinges his decision on the lack of objective findings.

was the strongest evidence of her disability. However, the Social Security Act provides that an individual's own description of her symptoms are [sic], alone, insufficient to establish the presence of a physical or mental impairment. As Dr. Cunningham has clearly reported, he finds no evidence of any abnormality and is unable to determine why her pain persists. While he suggests that her "word" may be accepted as evidence of her disability, unless supported by definitive findings her subjective complaints can be given little weight.

The Administrative Law Judge is unable to give the report from Dr. Sall the same credence as reports from other examining or treating physicians. Dr. Sall's specialty is physical medicine and rehabilitation. His examination was performed upon her counsel's request in connection with her workmen's compensation application. Dr. Sall's findings of restricted mobility and pain were apparently based largely on the claimant's own description of her symptoms. Dr. Sall's conclusion that the claimant is totally disabled is clearly not supported by his own findings.

Neither Dr. Cunningham nor Dr. Goldfedder found evidence of neurological deficits that would account for her symptoms of radiculopathy. Dr. Goldfedder, a consultant neurosurgeon, reported in January, 1980 that claimant's only functional limitation would be lifting weights in excess of 50 pounds. He also commented and was in agreement with Dr. Cunningham's conclusions that there was no indication for any further diagnostic neurosurgical procedures or, in fact, rehabilitation measures.

(Tr. 23). As the authorities cited above hold, objective clinical findings are not required to support a determination of severe, disabling pain. If other evidence demonstrates that a claimant suffers from disabling back pain, the ALJ cannot undermine the credibility of the claimant on the basis that objective, clinical findings did not establish a cause for such intense pain. *Smith v. Califano,* 637 F.2d 968, at 973–974 (3d Cir. 1981); *Marcus v. Califano,* 615 F.2d

at 23; *Northcutt v. Califano,* 581 F.2d at 166. I find that the ALJ failed to give proper consideration to plaintiff's testimony and to reports by treating physicians which support plaintiff's claim that pain resulting from a medical impairment has rendered her disabled.

■ The ALJ made other errors in his findings which require reversal of this case. It has been held to be error for an ALJ:

to take "administrative notice" of propositions concerning pain which are not common knowledge and which do not appear to be indisputable. See *Roberts v. Califano, supra,* 439 F.Supp. at 192 (collecting cases); *Brittingham v. Weinberger, supra,* 408 F.Supp. at 613 n.5. Accord *Nelms v. Gardner,* 386 F.2d 971, 973 (6th Cir. 1967).

*King v. Secretary of HEW,* 481 F.Supp. at 948. The ALJ's opinion in this case illustrates this problem:

Although claimant has complained of almost constant pain, the only medications she takes regularly are Aspirin and Valium. These medications are not consistent with medication usually prescribed for severe pain. Talwin was prescribed in 1978 and she alleged taking only one or two a month when her pain was severe. She testified, however, that she did not renew this prescription. To repeat, no observable signs of pain or discomfort were noted at the hearing. Claimant's allegation of her limited ability to function conflicts with Dr. Goldfedder's findings which showed no significant restrictions.

The Administrative Law Judge has noted that the claimant saw Dr. Cunningham in March, 1979 with complaints of persistent pain and saw him again in January, 1980 after she had already become aware that her case was remanded. During the intermittent period of time she had sought no medical treatment other than physical therapy which was ceased in June, 1979. Neither did she renew her prescriptions for Talwin. It would appear that the claimant's need for treatment is prompted by factors other than her pain and discomfort.

Accordingly, the undersigned cannot give credence to the claimant's allegations and finds that as of January 12, 1979 none of her subjective complaints were severe enough to preclude the performance of basic work-related functions. (Tr. 24). While the ALJ may properly note as demeanor evidence that he observed no signs of pain or discomfort at the hearing, despite plaintiff's testimony on the record to the contrary, he also relied on other propositions which were not established on the record, and which are clearly disputable. The ALJ refused to give credence to plaintiff's subjective complaints of pain because she did not consume pain killers on a regular basis and because she did not seek medical treatment during a certain time period. The ALJ's conclusion that because plaintiff does not sedate herself on a consistent and daily basis her claims of pain are not credible is troublesome to me—this inference is not a self-evident proposition which should be dispositive of her disability claim. Plaintiff testified at her hearing that the prescribed drugs make her groggy and she does not like to take them (Tr. 140). The fact that plaintiff wants to avoid drug dependency (Tr. 141) should not be used to militate against her testimony that she suffers from great pain.

The ALJ further attempts to undermine plaintiff's credibility for her failure to pursue medical treatment other than physical therapy from March 1979 through January 1980. In making his determination of non-disability, the ALJ relied on the reports of Dr. Cunningham and Dr. Goldfedder that plaintiff would not benefit by further medical procedures. The ALJ then intimates that plaintiff was not in pain because she did not seek further treatment—the course of conduct prescribed by her treating physicians.

The undisputed evidence shows that plaintiff, prior to her disability, had been a hard worker at a job which required heavy lifting, climbing, stooping and operation of an electric hand-jack. She testified that if she felt she could do even light assembly work, she would be out working (Tr. 168).

There is no evidence in the record that even suggests plaintiff is not telling the truth. On the contrary, plaintiff's treating physicians corroborate her testimony of severe disabling pain. Plaintiff was improperly denied relief here because of the ALJ's undue emphasis on the lack of objective findings and reliance on propositions concerning pain which are not self-evident or established on the record by expert testimony.

With all due deference to the credibility determinations made by the ALJ, I find the ALJ based his opinion on erroneous views of the law rather than a meaningful assessment of plaintiff's credibility and, therefore, the judgment of the Secretary is reversed. The Act requires a complete evaluation of all of the evidence, both objective and subjective. While I could remand this case back to the Secretary to allow yet another ALJ the opportunity to correct critical errors made by a previous ALJ, I find it unnecessary to do so given the procedural history of this case. Plaintiff has already had three hearings before an ALJ, followed by two petitions to the Appeals Council, and an appeal to this court. Remand under these circumstances would require plaintiff to "wait with the patience of Job for yet another remand before [s]he can collect the relatively modest amounts available through such an award," in contravention of fundamental justice. *Smith v. Califano*, 637 F.2d 968, at 972 n.1 (3d Cir. 1981).

For the reasons stated above, I reverse the decision of the Secretary and order the entry of judgment in favor of plaintiff. A judgment order is filed with this memorandum.