**Anita MARKHAM, Plaintiff-Appellant,**

v.

**Joseph A. CALIFANO, Jr., Secretary of the United States Department of Health, Education and Welfare, Defendant-Appellee.**

No. 78–1960.

United States Court of Appeals,
Tenth Circuit.

July 5, 1979.

Bruce M. Plenk, Utah Legal Services, Inc., Salt Lake City, Utah, for plaintiff-appellant.

Ronald L. Rencher, U. S. Atty., and James R. Holbrook, Asst. U. S. Atty., Salt Lake City, Utah, for defendant-appellee.

Before PICKETT, McWILLIAMS and DOYLE, Circuit Judges.

PICKETT, Circuit Judge.

On August 5, 1974, Anita Markham filed applications for total disability insurance benefits since May, 1969, under Title II of the Social Security Act, 42 U.S.C. § 401, et seq., and for supplemental security income benefits under Title XVI of the Act. The claims alleged that the applicant was disabled within the meaning of the Act due to an "arthritic neck, back, wrists, feet and hands." The Secretary denied the claim for disability insurance benefits, but the claim for supplemental security income benefits was allowed. After exhausting administrative remedies,[1] the claimant, as authorized by 42 U.S.C. § 405(g), filed suit in the United States District Court for the District of Utah for a review of the Title II disallowance. The District Court found that the decision of the Secretary was supported by substantial evidence, and affirmed. We agree with that decision.

■ 42 U.S.C. § 423(d)(1)(A) of Title II of the Social Security Act provides that an insured claimant, to be entitled to disability insurance benefits, must establish inability to engage in any substantial gainful activity by reason of medically determinable physical or mental impairment for a period of at least one year. *Alexander v. Richardson,* 451 F.2d 1185 (10th Cir. 1971), cert. denied, 407 U.S. 911, 92 S.Ct. 2437, 32 L.Ed.2d 685 (1972). In *Hill v. Califano,* No. 78–1235, an unpublished decision filed May 30, 1979, this court held that substantial gainful activity means performance of substantial services with reasonable regularity, either in competitive or self employment. It was also noted in the *Hill* case that "[a] person may be disabled from emotional problems as well as those which are physical."

■ Ability to drive an automobile, participate in some community affairs, attend school, or to do some work on an intermittent basis does not necessarily establish that a person is able to engage in a "substantial gainful activity," but such activities may be considered by the Secretary, along with medical testimony, in determining the right of a claimant to disability payments under the Act. *Hill v. Califano, supra; Yawitz v. Weinberger,* 498 F.2d 956 (8th Cir. 1974); *Rivas v. Weinberger,* 475 F.2d 255 (5th Cir. 1973). 42 U.S.C. § 405(g) provides that the finding of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Valentine v. Richardson,* 468 F.2d 588 (10th Cir. 1972). In *Gainey v. Flemming,* 279 F.2d 56, 58 (10th Cir. 1960), we said:

> . . . Neither the district court in the first instance nor a court of appeals on appeal is free to substitute its findings of fact or its inferences drawn from the evidence for those of the referee which later become the basis of the final decision of the secretary if the findings and inferences of the referee are supported by substantial evidence.

The *Perales* case, *supra* 402 U.S. at 401, 91 S.Ct. at 1427, defines "substantial evidence" as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

■ The administrative law judge found that the claimant last met the statutory earnings requirement of Title II of the So-

---

1. Those proceedings included a hearing before an administrative law judge at which the claimant appeared with her attorney and testified. The decision of the administrative law judge is the final action of the Secretary.

cial Security Act on June 30, 1974. The claimant does not question this as the final date of her insured status under the Act; consequently, her right to recovery must precede that date. In his discussion of the evidence, the administrative law judge stated that "[t]here is no evidence in the file showing that the claimant was unable to engage in substantial gainful activity on or before June 30, 1974 when she last met the earnings requirements." Specifically, it was found that "[t]he claimant is not entitled to disability insurance benefits under the Act as the onset of her disability did not begin within the period when the claimant met the statutory earnings requirements." The only issue involved in this appeal is whether the finding as to when the applicant became disabled is supported by substantial evidence. In determining the claimant's disability for Title XVI purposes, the administrative law judge found that due to "physical and mental impairments" she was disabled as of June, 1975. Claimant contends that a fair analysis of the record establishes that the disability relates back to a time when her Title II insurance was in effect.

When the claim was filed, Mrs. Markham was forty-seven years of age, the mother of three children, two of whom were living with her. She was separated from her husband, who did not contribute to the support of the family. Her work history disclosed that prior to 1957 she had been employed at various times as a secretary, bookkeeper, cashier, hostess and sales clerk. Between the years 1957 and 1969 she worked in the Los Angeles, California, area as an actress in the motion picture and television industries. In 1967, she was injured in an automobile accident, which apparently was the beginning of her arthritic problems. She was last employed in 1969. In her testimony before the administrative law judge she stated that during the year 1969 her arthritic condition had developed to such an extent and the pain was so great that she was unable to work, and that the condition worsened with the years. She desired to obtain a college education and enrolled as a student at U.C.L.A. in 1969. She attended classes regularly, obtained good grades, and received a B.A. degree in December of 1974. During that period she owned and drove an automobile. Thereafter, she continued her college work until she moved to Salt Lake City, Utah, in 1975. In his review of the claimant's testimony, the administrative law judge commented that "[s]he is mentally alert and intelligent although obviously emotional."

Subsequent to the filing of the claim, Mrs. Markham was examined by a number of doctors. In their reports the doctors referred to the suffering of the claimant from arthritis, but none reported that her condition was such that she could not engage in substantial gainful activities prior to June, 1974. Dr. George Bush diagnosed her condition as "Osteoarthritis of the hands, neck and low back." He reported that he did not find "any real active arthritis," and commented that Mrs. Markham was not motivated and that her condition might be improved through some psychological coaching and rehabilitation exercises. Dr. Bush indicated that if the applicant was motivated for rehabilitation to work, she would be capable of activities of a light nature. Following a neurological examination, Dr. Russ T. Shimizu described Mrs. Markham's arthritic condition and stated that a nerve conduction test showed mild abnormality. Dr. Shimizu thought the patient would be able to do non-strenuous work. Reports of other doctors were somewhat similar to those of Drs. Bush and Shimizu.

Subsequent to the hearing, the administrative law judge requested that the claimant be examined by Dr. Benjamin M. Taylor, a psychiatrist. In his report filed June 2, 1976, Dr. Taylor stated:

In my opinion, she is quite incapacitated for work and usual social and interpersonal functioning. This condition has existed for perhaps 7 or 8 years and seems to be becoming more severe. There is probably some pain and discomfort on an emotional or psychosomatic basis. She has much somatic preoccupation and perhaps somatic delusions. In my opinion, her prognosis is quite poor.

It may be that her attendance at the Pain Clinic represents all that she can manage and do by way of a psychotherapeutic venture. In my opinion, rehabilitative and retraining procedures would be of little avail in this condition.

In disposing of the Title XVI claim, the administrative law judge found from this record that due to the physical and mental condition of claimant she was prevented from engaging in substantial gainful activities as of June, 1975, and that those impairments had lasted for twelve or more continuous months.

The claimant argues that the Taylor report fixes the date of disability prior to the critical date of June, 1974, and apparently takes the position that because that is the only reliable medical evidence on this subject, the Secretary is bound by that determination. The examining doctors generally recognized that Mrs. Markham had some emotional and psychiatric problems, but none of them reported that the condition was disabling within the definition of the statute. The Secretary was not bound to accept as a fact the statement of Dr. Taylor that the disability had existed "perhaps 7 or 8 years" before his examination in 1976. On the record as a whole, we conclude that the Secretary's finding that the claimant was not disabled prior to June, 1974, within the meaning of Title II of the Social Security Act is sustained by substantial evidence.

AFFIRMED.