Maurice W. **PATANE**

v.

Patricia Roberts **HARRIS,** Secretary of Health, Education and Welfare (now Secretary of Health and Human Services).

Civ. A. No. 80–1861.

United States District Court, E. D. Pennsylvania.

Feb. 5, 1981.

Burton Spear and Robert J. Kupits, Philadelphia, Pa., for plaintiff.

William E. Gordon, Jr., Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

The outstanding cross-motions for summary judgment call for construction of the term "substantial gainful activity" within the context of an appeal from the denial of disability benefits by the Secretary of Health and Human Services. 20 C.F.R. § 404.1532 *et seq.*

Maurice Patane was "disabled" as of August 31, 1969 and received thereafter concomitant disability benefits. 42 U.S.C. § 423. The 1969 determination was of a plethora of chronic and permanent impairments, including heart disease and hepatitis.

In January of 1979, the Social Security Administration determined that Mr. Patane's disability had ended in October of 1974, and that his entitlement to benefits had ended in December of that year. This determination carried with it dual consequences adverse to Mr. Patane: (1) he would receive no further disability benefits; (2) he was obligated to return $13,588.60 in benefits paid after eligibility ceased. *De novo* consideration by an Administrative Law Judge (ALJ) yielded the same result. The Appeals Council, in March of 1980, declined to review the decision of the ALJ, transforming it into a decision of the Secretary reviewable here.

Here the dispositive question is the soundness of the ALJ's conclusion of law that Mr. Patane, after five years of disability, is once again able to engage in "substantial gainful activity." 20 C.F.R. §§ 404.-1533; 404.1534. The question is dispositive because if Mr. Patane is now able to engage in "substantial gainful activity," he is no longer disabled, 42 U.S.C. § 423(a)(1)(A), and thus is no longer entitled to benefits. 42 U.S.C. § 423(a)(1); *cf.* 20 C.F.R. §§ 404.-1528; 404.1531(b).

The inference drawn by the ALJ of Mr. Patane's renewed capacity to engage in "substantial gainful activity" does not follow from any showing of a change in the medical condition which had disabled Mr. Patane in 1969.[1] Instead, the ALJ founded

1. No documentary evidence of Mr. Patane's medical condition since 1974 was introduced at the hearing below. Record at 16. On this basis, and relying on 20 C.F.R. §§ 404.1528 and 404.1530, the ALJ concluded "that the claimant has not established that since October 1974 his impairments have been of sufficient severity to preclude him from performing his previous jobs. . . ." Record at 17. The ALJ's quotation of § 404.1528, however, omitted the crucial language emphasized here: "An individual [previously held disabled] *upon reasonable notice, shall . . . if requested to do so . . .* submit medical reports . . . for the purpose of determining whether such individual continues to be under a disability." Section 404.1530 contains a similar clause prescribing an administrative request as a condition precedent to drawing inferences adverse to a claimant. Although the ALJ explicitly noted that no such request was ever made, Record at 18, he interpreted the regulations as "plac[ing] a burden on the claim-

his decision on the evidence of Mr. Patane's not insignificant earnings from 1974 on as an outside director of five small closely-held corporations.[2] These earnings are, to be sure, far in excess of those that "ordinarily show that a person has done substantial gainful activity." 20 C.F.R. § 404.-1534(b)(1)(i)–(vi). But though it appears the Congress has authorized the Secretary of Health and Human Services to establish earnings limitations above which no person might be eligible for disability benefits, 42 U.S.C. § 423(d)(1)–(4),[3] the fact of the matter is that the Secretary has not employed that authority. *Compare* 20 C.F.R. § 404.-1534(b)(1)(vi).

The regulations as written and the case law construing these regulations define "substantial gainful activity" as consisting of two distinct, albeit interrelated, components: compensation *and* the substantiality of the activity itself. 20 C.F.R. § 404.-1532(b); *Chicager v. Califano,* 574 F.2d 161 (3d Cir. 1978). As Justice (then Judge) Stevens has suggested, "the question [of disability] is not simply answered by the fact of employment or the extent of [the claimant's] earnings." *Stark v. Weinberger,* 497 F.2d 1092, 1100 (7th Cir. 1974). *See also Morrone v. Secretary of H.E.W.,* 372 F.Supp. 794, 801 (E.D.Pa.1974).

Here, the record supports only the inference that Mr. Patane was capable of discharging his responsibilities as an outside director of five small closely-held corporations—directorships that together apparently required a single meeting of one hour's duration each month, a few words, and no action at all. This brief, intermittent activity is not "substantial gainful activity." *See e.g. Smith v. Califano,* 637 F.2d 968, 970 (3d Cir., 1981); *Totten v. Califano,* 624 F.2d 10, 12 (4th Cir. 1980); *Markham v. Califano,* 601 F.2d 533, 534 (10th Cir. 1979).

Whether it would be sounder policy to deny disability benefits to one who, though physically incapacitated, can earn significant sums in a very few minutes of endeavor each month is not for this court to determine. Nor was that the issue before the ALJ. Under the controlling regulations, Mr. Patane's continued eligibility for disability benefits was not cut off by the earnings he received commencing in 1974.

Accordingly, in an accompanying order, the decision of the Secretary is reversed and the case remanded to the Secretary for further proceedings not inconsistent with this memorandum.

ant to provide evidence of the ongoing severity of his impairments...." Record at 16. Certainly in the absence of the requests described in the regulations cited above, those regulations simply do not impose that burden.

**2.** These earnings summed roughly $500 per month in 1974 and 1975; $625 per month in 1976; and $750 per month in 1977 and 1978. Mr. Patane has also had unearned income in the period in question (his gross income was $29,000 in 1974; the exact figures in the years since 1974 are not in the record); but it has not been suggested that unearned income is relevant to a disability determination.

**3.** Certainly much of the reason for such benefits is to counter-balance the economic hardship normally attendant upon severe disability. *See generally,* 2 U.S.Code Cong. & Admin. News, 86th Cong.2d sess. 3608, 3624 (1960).