Salvatore LIZZIO, Plaintiff,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

Civ. A. No. 81–2416.

United States District Court,
D. New Jersey.

Feb. 11, 1982.

Frank A. Cristaudo, Mount Royal, N.J., for plaintiff.

Jerome B. Simandle, Asst. U.S. Atty., Trenton, N.J., for defendant.

## OPINION

GERRY, District Judge.

Claimant, Salvatore Lizzio, seeks review under § 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g) (1974), of a final decision by the Secretary of Health and Human Services, which denied claimant's application for a period of disability and disability insurance benefits. The Secretary found that claimant was performing substantial gainful activity and thus was not disabled within the meaning of the Act.

An administrative decision to deny benefits will be upheld on review if supported by "substantial evidence." 42 U.S.C. § 405(g); *Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir.1979). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). *See also Lewis v. Califano*, 616 F.2d 73, 76 (3d Cir.1980). The conclusive effect of the substantial evidence rule applies not only with respect to the Secretary's findings as to basic evidentiary facts, but also to inferences and conclusions drawn therefrom. *Jolley v. Weinberger*, 537 F.2d 1179, 1181 (4th Cir.1976); *Reyes v. Secretary of HEW*, 476 F.2d 910, 914 (D.C.Cir.1973). Despite the deference to administrative decisions required by these standards, a reviewing court "retain[s] a responsibility to scrutinize the entire record and to reverse or remand if the Secretary's decision is not supported by substantial evidence." *Smith v. Califano*, 637 F.2d 968 (3d Cir.1981); *Baerga v. Richardson*, 500 F.2d 309, 313 (3d Cir.1974), *cert. denied*, 420 U.S. 931, 95 S.Ct. 1133, 43 L.Ed.2d 403 (1975). Further, even if the Secretary's factual findings are supported by substantial evidence, this court may review whether the administrative determination was made upon correct legal standards. *Strickland v. Harris*, 615 F.2d 1103, 1108 (5th Cir.1980); *McCarty v. Richardson*, 459 F.2d 3, 4 (5th Cir.1972).

The term disability means inability to engage in any substantial gainful activity by reason of a physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A). The existence of such impairment must be demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3). Where a finding of disability cannot be made based on medical

evidence alone, other evidence must be considered.

A determination of whether an impairment constitutes a disability within the meaning of the Act rests on two prongs: (1) determination of the extent of impairment, and (2) determination that the impairment precludes engaging in substantial gainful activity. *Rossi v. Califano,* 602 F.2d 55 (3d Cir.1979). In this regard, four types of proof are considered:

(1) objective medical facts and clinical findings;

(2) diagnoses and medical opinions of examining physicians;

(3) subjective evidence of pain and disability as testified to by the plaintiff and corroborated by others who have observed him; and

(4) the plaintiff's age, educational background and work history.

All of these elements of proof must be considered together and in combination with each other. *Barats v. Weinberger,* 383 F.Supp. 276 (E.D.Pa.1974). If plaintiff meets his initial burden of establishing that he has an impairment, physical or mental, which prevents his return to his customary occupation, the burden shifts to the Secretary to show the claimant's capacity to engage in specific existing jobs. *Rossi v. Califano, supra.*

Plaintiff filed an application for a period of disability and for disability insurance benefits on February 26, 1980. Plaintiff's application was denied initially and on reconsideration. Claimant requested a hearing which was held on March 9, 1981. The Administrative Law Judge (ALJ) considered the case *de novo* and on April 28, 1981, found that plaintiff was not under a disability. The ALJ's decision was approved by the Appeals Council on June 19, 1981, making it the final decision of the Secretary.

The sole basis for the ALJ's rejection of plaintiff's claim was that investigation by agents of defendant and interviews with plaintiff indicated that plaintiff continued to perform "substantial gainful activity."

The record reveals that, from 1950 on, plaintiff operated a hardware store. In February 1980, plaintiff filed a claim for disability, at which time an employee of defendant interviewed plaintiff regarding his work activities. Plaintiff signed the reports of these activities. The reports indicate that plaintiff informed defendant that he no longer worked, that he either laid around or sat in the store. Plaintiff stated that his wife took care of all the ordering, waiting on customers, stocking shelves and ordering merchandise. Plaintiff admitted that he continued to sign checks and to advise his wife as to when to reorder.

In reviewing the document entitled Disability Report (Tr. 101), the ALJ expressed doubts about plaintiff's termination of substantial gainful activity because the reports state that plaintiff waited on customers, stocked shelves and swept floors but performed no writing or supervisory activities in the store. It appears that the ALJ interpreted this statement to mean that plaintiff was performing those activities at the time he filed his application for disability. However, a review of the question preceding the statement of plaintiff's activities reveals that it requires plaintiff to state the type of work he engaged in *before becoming disabled.* Thus, plaintiff's statement that he had previously waited on customers, stocked shelves and swept floors before becoming disabled cannot be a basis, as the ALJ apparently concluded it was, for a finding that plaintiff was engaging in substantial gainful activity. Moreover, the reports do not indicate that plaintiff performed no writing in connection with operating his store but reveal that plaintiff prepared no written reports. In the same reports, in the section completed by the Social Security Administration representative, the interviewer observed that Mr. Lizzio had difficulty in understanding her questions and in answering them.

On April 28, 1980, when claimant informed the Secretary that the business had been transferred to his wife, defendant had the claimant answer a Sale or Transfer of

Business Questionnaire, which was filled out by a Social Security Administration employee during an interview. In response to the interviewer's question, plaintiff indicated that the business had been transferred to his wife on an unknown date, that his wife was operating the store and made all management decisions, that he signed checks, that he relieved his wife when she needed to use the restroom, and that such service was less than 20 hours per month.

On May 2, 1980, Mr. Fall, a field representative for defendant, visited plaintiff's store. Upon entering, he noticed plaintiff seated in a chair near the door, but not near the cash register. Mrs. Lizzio was not in the store. Mr. Lizzio asked Mr. Fall if he could help him. Mr. Fall asked about garbage bags. Plaintiff walked to the back of the store and showed him the different sizes available. Fall made a selection which plaintiff was about to ring up when his wife appeared. Plaintiff asked Mrs. Lizzio to take over and went back to his seat. Fall thereafter asked for an elbow for a downspout. Mrs. Lizzio was not sure if there were any in stock and asked her husband. Plaintiff got up, walked to the back of the store and showed Fall two sizes. Fall selected one. As Mr. Lizzio passed by the register on his way back to his chair, he told his wife the price of the item. Based upon this 5–10 minute observation, Mr. Fall stated that plaintiff was still engaging in substantial gainful activity.

In May 1980, defendant contacted plaintiff's suppliers and asked them if they had been notified of a transfer of plaintiff's business to his wife. One supplier reported that it was aware, the other suppliers indicated their belief that they were still dealing with plaintiff. Plaintiff objected to the use of this evidence at the administrative hearing since plaintiff had requested that defendant produce the suppliers as witnesses so that plaintiff could cross-examine them.

At the hearing, plaintiff testified that he did not recall making many of the statements on the interview forms. He did state that, as of the time of the hearing, he had turned over all bookkeeping work to his wife, and that he only worked an hour or so per day in the store.

The ALJ chose to disbelieve plaintiff as to his current level of activity because he could not remember stating to the interviewer that he signed checks, waited on customers occasionally, advised his wife on ordering and performed some of the paperwork and because Mr. Fall had observed him in the store. The ALJ also concluded that plaintiff's activities continued to be substantial because his general knowledge of hardware store operations continued to be utilized in furtherance of the business. The ALJ characterized plaintiff's contribution to the store as "significant."

■ It appears that the ALJ applied an erroneous and more strenuous test to plaintiff's activities than that required in the statute. The Act defines disability as inability to engage in any substantial gainful activity by reason of a physical or mental impairment. Thus, the test for determining disability is the *substantiality, i.e.,* the quantity, of the activity which a claimant is capable of performing after the onset of disability and not the significance, or quality, of that activity.

■ "Substantial gainful activity" means the performance of substantial services with *reasonable regularity* either in competitive or self-employment. *Markham v. Califano,* 601 F.2d 533 (10th Cir. 1979). A physical limitation which prevents a claimant from working a full workday, minus a reasonable time for lunch and breaks, constitutes a disability within the meaning of the Act. *Johnson v. Harris,* 612 F.2d 993, 998 (5th Cir.1980). *See also Cornett v. Califano,* 590 F.2d 91 (4th Cir. 1978). The ability to drive an automobile, participate in some community affairs, attend school or to do some work a few hours a day or on an intermittent basis does not demonstrate ability to engage in substantial gainful activity. *Markham, supra; Cornett, supra.* Even where a claimant has worked after the alleged onset of disability, a finding of inability to engage in

substantial gainful activity is not foreclosed since disability turns on whether the claimant was disabled within the meaning of the Act notwithstanding the fact that he/she actually did work. *Fowler v. Califano,* 596 F.2d 600 (3d Cir.1979); *Stark v. Weinberger,* 497 F.2d 1092 (7th Cir.1974).

In the instant case, the ALJ took the position that any contribution by plaintiff to the furtherance of the store constituted substantial gainful activity. Since the above cited cases indicate that this view is erroneous, the court must review the record to determine whether the plaintiff has been performing substantial gainful activity.

■ For purposes of its limited role on appeal, the court is not permitted to make factual findings unless those of the ALJ are not supported by substantial evidence. From the record, it appears that plaintiff apparently informed an employee of defendant that he wrote checks, occasionally waited on a customer, advised his wife on ordering and did some of the paperwork. Plaintiff testified that his activities in regard to the store entailed no more than an hour a day. Mr. Fall's observations of plaintiff during his 5–10 minute visit do not in any way conflict with plaintiff's testimony as to the amount of time he spends in furtherance of the store's business. In addition, Mr. Fall's observations that Mrs. Lizzio was not in the store at the time he entered and that plaintiff gave his order to Mrs. Lizzio to ring up, returning to his seat, confirm plaintiff's testimony that he only helps out when his wife leaves the store for a few minutes. Moreover, Ms. Keating, the employee who interviewed plaintiff, admitted at the hearing that she based her conclusion that plaintiff was "always in the store" on Mr. Fall's two 5–10 minute visits. Ms. Keating also stated that she did not know that plaintiff's house is attached to the store, and that she might have reached a different conclusion had she known that fact.

■ Based upon the evidence in the record, the ALJ's conclusion that plaintiff is engaging in substantial gainful activity is not supported by substantial evidence. Plaintiff is only working one hour a day in the store. Even if his services are "significant," the limited time which plaintiff expends on this activity demonstrates its insubstantiality. There is no evidence in the record which disputes plaintiff's statement as to the amount of time he spends working in the store. Only Mr. Fall's reports, which found plaintiff in the store on two occasions, create any basis for inferring that plaintiff spends any more time working than the amount indicated in his testimony. Even assuming that plaintiff sits in the store for more than an hour, defendant has not demonstrated that plaintiff is engaging in substantial gainful activity when sitting in the store.

Plaintiff's testimony as to the limited amount of work which he does is supported by the medical evidence of record which uniformly and unequivocally conclude that plaintiff's activity level is limited as a result of his impairments.

For all of the foregoing reasons, the decision of the ALJ that plaintiff is engaging in substantial gainful activity must be reversed and a finding entered for plaintiff. However, since the only question before the ALJ was the one involving substantial gainful activity, this action must be remanded to the Secretary for further proceedings.