848 F.2d 189
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James E. CAVANAUGH, Plaintiff-Appellee,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellant.
 No. 87-3681.
 United States Court of Appeals, Sixth Circuit.
 May 19, 1988.
 
 Before MERRITT and CORNELIA G. KENNEDY, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The Secretary of Health and Human Services appeals from an order of the United States District Court for the Northern District of Ohio, granting plaintiff, James Cavanaugh, social security disability benefits. The Secretary of Health and Human Services initially denied plaintiff benefits because he determined that plaintiff was performing substantial gainful activity in his role as a city councilman in Brook Park, Ohio. After a hearing, an administrative law judge (ALJ) agreed with the initial determination, concluding that plaintiff's job as a councilman was substantial gainful activity, which precluded an award of disability benefits under the Social Security regulations. The Social Security Appeals Council refused to reverse the ALJ's decision, so plaintiff filed this suit in the District Court, arguing that the Secretary's decision was not supported by substantial evidence. The magistrate's report and recommendation to the District Court concluded that there was substantial evidence to support the ALJ's finding that plaintiff engaged in substantial gainful activity. The District Court, however, rejected the magistrate's recommendation, and granted plaintiff benefits. Because we believe that the Secretary's decision was supported by substantial evidence, we now REVERSE the District Court's order awarding benefits.
 
 
 2
 Plaintiff, who was born on March 30, 1929, worked as a senior accountant for the Hanna Mining Company until a heart attack, triple bypass surgery, and angina pectoris forced him to quit this job in August of 1983. However, plaintiff did not cease all employment. Since January 1, 1982, plaintiff acted as a councilman for the city of Brook Park, Ohio. When applying for disability benefits, plaintiff described his duties as consisting of "attending approximately two to three meetings a month which may last two to five hours.... As a legislator I am required to vote to accept or reject legislation brought before the Council based upon which I feel is best for the community." Joint Appendix at 98. In 1983, plaintiff was paid $516.61 per month for his work on the city council. In the fall of 1983, in spite of having applied for disability, plaintiff decided to run for reelection to the city council. Although he only campaigned on a limited basis, he still walked the streets of his neighborhood to get his petitions signed. He was reelected and began serving his new term in January of 1984, at the higher salary of $7,350 per year.
 
 
 3
 At the time of the hearing, plaintiff testified that he was a member of the city council's finance committee, which met once a week. These meetings lasted from one and a half to three hours. Plaintiff also received an average of one phone call from a constituent each week, unless there was an unusually important issue facing the council. While the evidence before the ALJ makes clear that plaintiff was a less active city councilman after his health problems started, there is no evidence that he was unable to fulfill his duties on the council. He testified at the hearing that he regularly attended council meetings, listened to the discussion of the issues and voted when required. He also testified that when a constituent called him with a complaint, he would refer them to the mayor's administrative staff and department heads. He testified that prior to his heart attack in 1982, he was much more active on the council. He was not only involved on the finance committee, but also participated in the city's labor negotiations, was on the zoning committee, and personally looked into citizen complaints.
 
 
 4
 To determine the eligibility of a claimant, Social Security Regulations require the ALJ to first consider whether the claimant is engaging in "substantial gainful activity." If a claimant is engaged in such activity, he will not be found to be disabled, regardless of claimant's medical condition, age, education, or work experience. 20 C.F.R. Sec. 404.1520(b). The issue in this case is whether there is substantial evidence to support the ALJ's conclusion that plaintiff's job as a city councilman was substantial gainful activity. Social Security regulations describe substantial gainful work as work that is both substantial and gainful:
 
 
 5
 (a) Substantial work activity. Substantial work activity is work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before.
 
 
 6
 (b) Gainful work activity. Gainful work activity is work activity that you do for pay or profit. Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized.
 
 
 7
 20 C.F.R. Sec. 404.1572. The regulations create a presumption of substantial gainful activity if the claimant earns a certain amount for his efforts.
 
 
 8
 The amount of your earnings from work you have done may show that you have engaged in substantial gainful activity. Generally, if you worked for substantial earnings, this will show that you are able to do substantial gainful activity.... We will consider that your earnings from your work activities as an employee show that you have engaged in substantial gainful activity if ... [y]our earnings averaged more than $300 a month in calendar years after 1979.
 
 
 9
 20 C.F.R. Sec. 404.1574.
 
 
 10
 In this case, the presumption of substantial gainful employment clearly applies because during the years in question plaintiff was earning far in excess of the $300 per month regulatory maximum. Thus, unless plaintiff could produce sufficient evidence to rebut the presumption of substantial gainful activity, the regulations preclude disability benefits. Plaintiff essentially argues that while his earnings may raise the presumption that his activity is gainful, his earnings in no way show that activity is substantial. He notes that the job of city councilman does not require a substantial amount of effort, and that due to his illness, he is unable to perform the job in the same way that he had performed it in the past. The ALJ rejected this argument, holding that
 
 
 11
 [a]lthough the claimant's activities are part time, they are still considered substantial because of the significance that his work has for the community of Brook Park. The claimant's work is gainful because it is done for pay or profit, and he receives the same salary as all other councilmen. The nature of the claimant's work contributes substantially to the operation of the City of Brookpark [sic].
 
 
 12
 Joint Appendix at 9. The ALJ thus based his decision primarily on the significance of the value of plaintiff's services to the city of Brook Park.
 
 
 13
 Plaintiff points to the case of Parish v. Califano, 642 F.2d 188, (6th Cir.1981), where this Court found that a woman with multiple sclerosis was eligible for disability benefits even though there was evidence that she periodically attended college part-time and worked as a counselor for young people with drug, alcohol and sexual problems. Plaintiff argues that the activity in Parish that this Court found to be insubstantial, requires more effort than plaintiff's city council work.
 
 
 14
 We are not persuaded by plaintiff's argument because we believe that Parish is distinguishable from the present case for two important reasons. First, in Parish, the Court relied on the fact that the woman was asked to leave her job because she was incapable of fulfilling her duties. The Court pointed out that
 
 
 15
 It is clear that plaintiff's disability forced her to cease her courageous attempt to counsel young people, and:
 
 
 16
 Where an individual is forced to discontinue his work activities after a short time because his impairment precludes continuing such activities, his earnings would not demonstrate ability to engage in substantial gainful activity.
 
 
 17
 20 C.F.R. Sec. 404.1534(a).
 
 
 18
 Id. at 193. In this case the evidence permits the conclusion that plaintiff is performing his duties adequately, even if he is not as effective and energetic as he was before his health problems. Indeed, the fact that he ran for reelection to the council, and that he still draws his salary, seems to affirm that he believes he can sufficiently perform his duties.
 
 
 19
 Secondly, this case differs from Parish because here the plaintiff earned enough money from his job as a city councilman to invoke the presumption of substantial gainful employment found in regulation section 404.1574. This regulation assumes that if someone is willing to pay an employee over $300 a month to perform a task, the task must be substantial. We are not persuaded by the many cases plaintiff cites in his attempt to overcome the presumption of substantial gainful activity. In fact, of these cases, only two involve the earnings presumption. Stark v. Weinberger, 497 F.2d 1092 (7th Cir.1974) can be distinguished in the same way as Parish. In both cases, the plaintiff was eventually fired because their illnesses prevented them from performing their duties. In Patane v. Harris, 507 F.Supp. 115 (E.D.Pa.1981), a district court in Pennsylvania held that serving on a board of directors of a company was not substantial gainful activity, in spite of the presumption because it only required "a single meeting of one hour's duration each month, a few words, and no action at all." Id. at 117. Even if this decision was binding on this Court, which it is not, plaintiff's work here is substantially greater than the claimant in Patane.[1]
 
 
 20
 In conclusion, we cannot say that the ALJ did not have substantial evidence supporting his conclusion that the plaintiff had not overcome the presumption of substantial gainful activity in section 404.1572, so we REVERSE the decision of the District Court.
 
 
 
 [1]
 We also hesitate to rely on this case because selection of boards of directors often have more to do with who owns the stock in the corporation, than who will serve the corporation the most diligently. In this case, however, there is no evidence that the voters of Brook Park had any ulterior motive in electing plaintiff other than believing that he could do the best job