982 F.2d 529
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Judy F. MATTHEWS, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 92-7075.
 United States Court of Appeals, Tenth Circuit.
 Dec. 18, 1992.
 
 Before McKAY, Chief Judge, and SEYMOUR and PAUL KELLY, Jr., Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 Claimant Judy Matthews appeals from a district court order affirming the Secretary's denial of disability insurance benefits. After carefully reviewing the record and applicable law, we affirm.[1]
 
 
 2
 At the time of her hearing before the ALJ, Matthews was forty-two years old. She worked as a coal miner for ten years and has had back surgery three times. The most recent operation took place in February of 1989 and repaired back injuries caused by a mining accident. She has not worked since October 6, 1988, and alleges total disability as of that date.
 
 
 3
 In this appeal, Matthews contends that: 1) the ALJ erred in assessing the evidence on disabling pain; 2) the ALJ erred in equating school attendance with substantial gainful activity, and 3) the magistrate judge's application of a "sit and squirm" index to the proceedings was inappropriate.
 
 
 4
 * Matthews maintains that the medical records, combined with the hearing testimony, support a finding of disabling pain. In particular, she challenges the ALJ's assessment of her credibility and his treatment of the vocational expert's testimony. As Matthews acknowledges in her brief on appeal, our review of the record is limited to determining whether it contains substantial evidence supporting the ALJ's decision. See Williams v. Bowen, 844 F.2d 748, 750 (10th Cir.1988). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Hargis v. Sullivan, 945 F.2d 1482, 1486 (10th Cir.1991). In applying this standard, we are mindful that we may not reweigh the evidence or substitute our judgment for that of the agency. Id.
 
 
 5
 If the claimant's impairment is reasonably expected to produce some pain, as here, the Secretary must consider all relevant evidence in the record to determine whether the pain results in disability. See Luna v. Bowen, 834 F.2d 161, 164 (10th Cir.1987). Factors to consider include "claimant's persistent attempts to find relief for [her] pain and [her] willingness to try any treatment prescribed, regular use of crutches or a cane, regular contact with a doctor, and the possibility that psychological disorders combine with physical problems." Id. at 165-66. In addition, the ALJ should consider:
 
 
 6
 the levels of medication [taken] and their effectiveness, ... the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.
 
 
 7
 Huston v. Bowen, 838 F.2d 1125, 1132 (10th Cir.1988).
 
 
 8
 The ALJ's opinion here reflects that he took these factors into account when considering Matthews' statements concerning pain. In particular, while recognizing that Matthews does have physical limitations, the ALJ noted there is no objective medical evidence supporting the severe limitations she described. She does not use a cane or crutches. Her treating physician advised her to stop wearing a corset. Although she stated that she is drowsy for some time after taking her medication, that symptom is not mentioned in any medical report, while other symptoms are well documented.
 
 
 9
 The ALJ also questioned Matthews' credibility because her daily activities are consistent with a person who is able to perform light and sedentary work. According to her testimony, as well as a diary submitted at the hearing, Matthews is able to do light housework, some cooking, attend classes, do homework, and do some drawing. Her class schedule, although new at the time of the hearing, required her to sit for three hours a day. Although she stated her medication makes her drowsy, she also testified that she is able to do Algebra homework after taking it, which undermines her statement that it impairs her concentration.
 
 
 10
 The ALJ stated, "[t]he claimant's credibility is impaired, and her subjective complaints, including pain, (considered in accordance with Social Security Ruling 88-13), are found to be self-serving and not consistent with the medical evidence and the present life-style of the claimant." Rec., vol. II, at 16. The ALJ's credibility determinations are entitled to great deference. Williams, 844 F.2d at 755. We have reviewed the record carefully and it contains substantial evidence to support the ALJ's decision to discredit claimant's testimony.
 
 
 11
 The ALJ used a hypothetical question to elicit testimony concerning the functional capacity of a person with Matthews' limitations. Matthews objects to reliance on that hypothetical, contending it did not include a complete description of her impairments. " '[T]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision.' " Hargis, 945 F.2d at 1492 (quoting Ekeland v. Bowen, 899 F.2d 719, 724 (8th Cir.1990)). In forming a hypothetical, however, the ALJ need only relate impairments if the record contains substantial evidence to support their inclusion. See Ehrhart v. Secretary of Health & Human Servs., 969 F.2d 534, 540 (7th Cir.1992). The ALJ here determined that the record does not contain substantial evidence to support Matthews' testimony regarding the extent of pain. Consequently, the ALJ properly limited his hypothetical to a listing of those impairments which he found supported in the record. Id.
 
 III
 
 12
 Matthews also maintains the ALJ equated her school attendance with substantial gainful activity. An ability to attend classes, without more, is not per se evidence of an ability to perform substantial gainful activity. Cohen v. Secretary of Dep't of Health & Human Servs., 964 F.2d 524, 530 (6th Cir.1992). School attendance may be considered, however, as one factor in the spectrum of evidence used to determine whether the claimant is disabled. Markham v. Califano, 601 F.2d 533, 534 (10th Cir.1979). The ALJ's opinion reflects that school attendance was merely one factor which he considered.
 
 IV
 
 13
 Finally, Matthews challenges the magistrate judge's alleged application of the "sit and squirm" index. In his report and recommendation, which the district court adopted, the magistrate judge deferred to the ALJ's conclusions in part because he had the "advantage of personal observation of the plaintiff during the time she appeared before him." Rec. Vol. I at 8. In context, it is clear the magistrate judge was deferring to the ALJ's credibility determinations, which is proper. Objections based on application of the "sit and squirm" index, as Matthews describes it, have been upheld in those situations where the ALJ improperly disregarded allegations of pain. See, e.g., Teter v. Heckler, 775 F.2d 1104, 1106 (10th Cir.1985). We have already held that the ALJ properly considered Matthews' statements concerning her pain. Consequently, we reject this argument.
 
 IV
 
 14
 The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument