**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 5 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

RONALD D. WILBOURN,

Plaintiff-Appellant,

v.

JOHN J. CALLAHAN, Acting
Commissioner of Social Security,*

Defendant-Appellee.

No. 96-7126
(D.C. No. CV-95-229-S)
(E.D. Okla.)

ORDER AND JUDGMENT**

Before KELLY and HENRY, Circuit Judges, and DOWNES,*** District Judge.

---

\*      Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security.  P.L. No. 103-296.  Pursuant to Fed. R. App. P. 43(c), John J. Callahan, Acting Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

\*\*      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\*\*      The Honorable William F. Downes, District Judge, United States District Court for the District of Wyoming, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Ronald D. Wilbourn appeals from an order of the district court affirming the Secretary's determination that he is not entitled to disability benefits. We affirm.

"We review the Secretary's decision to determine whether her factual findings are supported by substantial evidence in the record viewed as a whole and whether she applied the correct legal standards. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994) (citation and quotation omitted).

Mr. Wilbourn was awarded benefits for a closed period from January 18, 1983, to December 31, 1991, due to chronic renal disease which required a kidney transplant. His benefits were terminated in February 1992. In this application, Mr. Wilbourn alleged disability as of the date his prior benefits were terminated due to deterioration of his hips and vision problems for which he had successful cataract surgery. He also claimed the anti-rejection drugs have caused a chronic skin condition. The administrative law judge (ALJ) determined at step five of the

five-step sequential process, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988), that Mr. Wilbourn was not disabled as he could perform light work.

On appeal, Mr. Wilbourn argues that the ALJ failed to properly evaluate his testimony regarding his pain. He also asserts the ALJ placed too much credence on his part-time school attendance and failed to take into account all of his nonexertional impairments.

"[A] claimant's subjective complaint of pain is by itself insufficient to establish disability." Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir. 1990) (quotation omitted). Rather, testimony regarding the severity of pain must be consistent with the medical records. See id.

The medical evidence here shows that Mr. Wilbourn takes only aspirin for pain, and he has a full range of motion in all joints. While various physicians have opined that he may need bilateral hip replacement in the future, his treating physician noted that he is currently able to walk "relatively ok." App. Vol. II at 767. The record does not support Mr. Wilbourn's claim of disabling pain.

We note that there is some ambiguity surrounding the length of time Mr. Wilbourn attended school. Counsel states that Mr. Wilbourn had attended school for only eight weeks. At the hearing, Mr. Wilbourn testified that he was in his third semester of classes. See id. 40-41. He was taking five classes that semester and doing "pretty good." See id.

School attendance may be considered by the Secretary in determining whether a person is entitled to disability benefits. See Gay v. Sullivan, 986 F.2d 1336, 1339 (10th Cir. 1993). While an ability to attend classes, without more, is not per se evidence of an ability to perform substantial gainful activity, school attendance may be considered as one factor in the spectrum of evidence considered. See Markham v. Califano, 601 F.2d 533, 534 (10th Cir. 1979).

Here, the ALJ considered Mr. Wilbourn's attendance at school in addition to his daily activities and current medical reports. Only one physician, who stated that he had only evaluated Mr. Wilbourn for state social security benefits, opined that he was unable to work. Opinions of physicians as to the ultimate determination of disability are not binding on the Secretary, who has the final responsibility for determining disability. See Castellano, 26 F.3d at 1029.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

-4-