**Arthur H. LANG, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 89–4567(SSB).**

United States District Court, D. New Jersey.

April 23, 1991.

Arthur H. Lang, pro se.

Michael Chertoff, U.S. Atty. by John C. Jeannopoulos, Asst. U.S. Atty., Newark, N.J. (Annette H. Blum, Chief Counsel, Judith Pearlstein, Asst. Regional Counsel,

Dept. of Health and Human Services, of counsel), for defendant.

## OPINION

BROTMAN, District Judge.

This is an action brought under § 205(g) of the Social Security Act, as amended ("Act"), 42 U.S.C. § 405(g), to review a final determination of the Secretary of Health and Human Services ("Secretary"), that plaintiff received overpayment of retirement insurance benefits under the Act and denying plaintiff's request for waiver of recovery of overpayment. For the reasons set forth below, the decision of the Secretary is affirmed.

### I. *Procedural History*

Plaintiff was awarded retirement benefits at the age of 62 beginning in March of 1981. On April 19, 1988, the Social Security Administration ("Administration") notified plaintiff that he had received an overpayment of his 1986 benefits totaling $5,737.00. The Administration determined that the overpayment of benefits occurred as a result of plaintiff's 1986 earnings of $19,685.35. Additionally, the Administration notified plaintiff that he had failed to file an annual report of his 1986 earnings pursuant to 20 C.F.R. § 404.452.

Plaintiff was also notified that as a result of his failure to file an annual report of earnings for 1986, that an additional $551.90 would be withheld from his benefits unless good cause was established for filing a late report. Subsequently, plaintiff requested reconsideration of the overpayment determination and upon review, the Administration affirmed its decision. Plaintiff then made application for a hearing to appeal the Administration's decision and to request waiver of recovery of the overpayment. Prior to the start of the hearing, the Administration notified plaintiff that an overpayment for 1987 benefits had occurred in the amount of $6,760.70. Plaintiff subsequently requested a reconsideration of this determination on November 8, 1988.

The dispute was considered *de novo* before an Administrative Law Judge (ALJ) who rendered a decision on April 19, 1989 finding that plaintiff had been overpaid retirement benefits for 1986 and 1987. Additionally, the ALJ denied plaintiff's request for waiver of those overpayments stating that plaintiff was not without fault incurring the overpayments. The decision of the ALJ became the final decision of the Secretary on August 28, 1989 when the Appeals Council denied plaintiff's request for review. Plaintiff's action proceeded to this court seeking reversal of the Secretary's determination of overpayment for 1986 and 1987 and in the alternative, waiver of recovery of overpayment.

### II. *Statement of Facts*

It is undisputed that plaintiff was entitled to retirement insurance benefits upon reaching age 62. Further, there is no dispute that plaintiff, although retired, continued his commercial pursuits as a self-employed acquisition broker. In this capacity, plaintiff earns his fees or commissions payable in unpredictable amounts occurring randomly over extended periods of time. For example, plaintiff asserts, and it is not disputed, that he could work for two calendar years on a project, incurring operating losses in those years and receive payment for such work in succeeding years. Indeed, it is the manner in which he receives his earnings in contrast with the income eligibility criteria for retirement insurance benefits of the Act which speaks to the heart of this dispute and the case which plaintiff advances.

Plaintiff, admittedly, has relied upon various sources of information with respect to his understanding of obligations to both the Social Security Administration and the Internal Revenue Service (IRS) regarding his earnings. Plaintiff's case reveals however, that his interpretation of various terms and definitions used by the respective agencies was partly responsible for the resulting dispute. In particular, plaintiff has relied on IRS provisions from his return that permit him to carry forward net operating losses, thereby reducing his taxable income for 1986. Plaintiff assumes

that the manner in which the IRS recognizes income is or should be the same criteria to be followed when applying income to Social Security benefit guidelines. Accordingly, plaintiff claims that he is without fault, having reasonably relied upon information provided through government sources, and such overpayment, if any, should be waived of any recovery.

## III. Substantive Law

This court has jurisdiction under 42 U.S.C. § 405(g) which provides both the basis and scope of review. The task before it is limited to determine (1) whether the Secretary employed the correct legal standards in reaching its decision; (2) whether, after allowing for any errors of law, the determination of the Secretary is supported by substantial evidence; and finally (3) if the Secretary's initial determination is *not* supported by substantial evidence, whether the appropriate relief is a remand for further proceedings or the award of definitive relief.

Initially, however, it is necessary to take note of the established legal principles that govern the court's disposition of these issues. The Secretary's decision must be upheld if it is supported by "substantial evidence." 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938) (Frankfurter, J.)). The inquiry is not whether the court would have reached the same conclusion; substantial evidence may thus be less than a preponderance of the evidence. *Hanusiewicz v. Bowen*, 678 F.Supp. 474, 476 (D.N.J.1988). However, the reviewing court is under a duty to read the evidence in its totality. *Daring v. Heckler*, 727 F.2d 64, 70 (3d Cir.1984). In this review, "a court must take into account whatever in the record fairly detracts from its weight." *Willbanks v. Secretary of Health and Human Services*, 847 F.2d 301, 303 (6th Cir.1988) (quoting *Universal*

*Camera Corp. v. NLRB*, 340 U.S. 474, 488, 71 S.Ct. 456, 464–65, 95 L.Ed. 456 (1951) (Frankfurter, J.)) The Secretary is under a corresponding duty to facilitate the court's review: "Where the Secretary is faced with conflicting evidence, he must adequately explain in the record his reasons for rejecting or discrediting conflicting evidence." *Ogden v. Bowen*, 677 F.Supp. 273, 278 (M.D.Pa.1987) (citing *Brewster v. Heckler*, 786 F.2d 581 (3d Cir. 1986)). Access to the Secretary's reasoning is indeed essential to meaningful court review:

> Unless the Secretary has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

*Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir.1978).

In keeping with these principles, "[a] single piece of evidence will not satisfy the substantiality test if the Secretary ignores, or fails to resolve a conflict created by countervailing evidence. Moreover, apart from the substantial evidence inquiry, a reviewing court is entitled to satisfy itself that the Secretary arrived at its decision by application of the proper legal standards." *Curtin v. Harris*, 508 F.Supp. 791, 793 (D.N.J.1981); *Friedberg v. Schweiker*, 721 F.2d 445, 447 (3d Cir.1983) (per curiam).

## IV. Analysis

■ The operative definitions for income as employed by the Social Security Administration are set forth under 20 C.F.R. § 416 *et seq.* For Social Security purposes, income is counted as when received rather than when earned. 20 C.F.R. § 404.1001. Under subsection § 404.1080(a)(1), the regulations specify net earnings from self employment as gross income less any allowable business deductions. Yet it is clearly expressed in the regulation that net earnings from self employment are counted on a taxable year basis. 20 C.F.R.

§ 404.1001(a)(5). The Code of Federal Regulations does not fail to address the Internal Revenue Service's privilege to recognize income alternatively. Under C.F.R. § 404.1085, net operating loss deduction reads:

> When determining your net earnings from self-employment, you disregard the deduction provided by section 172 of the Code that relates to net operating losses sustained in years other than the taxable year.

Authority for the Administrative Code subsections is found at 42 U.S.C. § 403(f)(5)(A) which states:

> An individual's net earnings from self-employment for any taxable year shall be (i) the sum of his wages for services rendered in such year and his net earnings from self-employment for such year, minus (ii) any net loss from self-employment for such year.

Plaintiff's undisputed assertion that he receives income for services rendered in periods other than the taxable year accords no relief from the statute. There is no provision available in 42 U.S.C. § 403 *et seq.* that permits deductions for losses outside of a taxable year. Further, evidence of the intent of the statute is explicit under 42 U.S.C. § 411(a)(4) titled, "Definitions relating to self-employment." The cited subsection indicates that "[t]he deduction for net operating losses provided in section 23(s) of the Internal Revenue Code of 1939, shall not be allowed." Reference to the Internal Revenue Code at 26 U.S.C. § 23(s) for net operating loss deductions and its computation subsection at 26 U.S.C. § 122 for carry forward losses are clearly subscribed as the deductions that are not permitted for Social Security self-employment income under 42 U.S.C. §§ 403, 411. Accordingly, the Secretary's findings and determination of overpayments for 1986 and 1987 are supported by substantial evidence and its disposition was consistent with established regulatory and legal principles.

■ Having decided the issue of overpayment, the court turns to plaintiff's claim that he is entitled to a waiver of recovery of overpayment amounts. Standards for waiver of recovery of overpayment are set forth in 42 U.S.C. § 404(a)(1) and (b); 20 C.F.R. § 404.506. Under this statutory and regulatory framework, the Secretary is mandated to recover the funds from the individual. The statute further requires at 42 U.S.C. § 404(b) that:

> In any case in which more than the correct amount of payment has been made, there shall be no adjustment of payments to, or recovery from any person who is without fault if such adjustment or recovery would defeat the purpose of this title or would be against equity and good conscience.

Therefore, the standard for waiver imposes an obligation upon the Secretary to recover overpayments unless the individual is without fault, and recovery of the overpayment would defeat the purposes of the Act or be against equity and good conscience. Waiver of recovery is not to be applied unless both of the criteria are met. 20 C.F.R. § 404.506.

■ A review of the record indicates that plaintiff was not without fault in his receipt of the overpayments. Giving this plaintiff the most generous interpretation of his intentions to pursue what he believed was a permissible deduction does not relieve him of fault in the overpayment. The record's findings are self evident that there were sufficient opportunities for the plaintiff to acquire accurate and thorough information to guide him in his financial affairs. The court is particularly persuaded in this regard by the plaintiff's refusal to provide timely reports of net earnings to the Social Security Administration as required by 20 C.F.R. § 404.452. Compliance with earnings reporting requirements would have served to identify the potential for overpayment such that remedial action could have been attended by both plaintiff and the Administration. Plaintiff did report to the Administration, following notice of the overpayment, however, this does not relieve him of fault for his preventative noncompliance.

■ Additionally, this court takes notice that the plaintiff bears the burden of establishing whether a waiver of recovery is

applicable. *Valente v. Secretary of Health and Human Services*, 733 F.2d 1037, 1042–43 (2d Cir.1984). Accordingly, plaintiff's actions and reliances are meaningful in the determination of fault for waiver consideration. Plaintiff listed on his federal income tax statements for 1986 and 1987 that he was self employed as a merger and acquisition consultant. On his brief filed pursuant to this appeal, he indicated that he received earnings from unexpected mergers and acquisitions. The type of financial activity that plaintiff is successfully engaged in is sufficiently sophisticated in regard to finance. A reasonable view, and thus, the view of this court, is that an individual capable of professional involvement in such transactions is expected to have sufficient, if not advanced, understanding of his own financial matters. Plaintiff, however pleads to this court that waiver is entitled since he relied in part upon a handout brochure disseminated by the Administration. The court remains unpersuaded and is of the opinion that a merger and acquisitions broker would not rely on a descriptive brochure as a substantive resource and authority for an acquisitions project. The suspect brochure specifies "allowable" business deductions which the court reads as sufficient notice to Social Security income recipients, particularly those with experience in complex financial matters, to exercise care in their income reporting. As a result of careful review of the aforementioned, the court finds that the plaintiff was at fault in causing the overpayment.

Once an individual has been found to be "not without fault" in causing the overpayment for any given reason, he cannot meet both of the waiver requirements. Accordingly, there is no need to reach or determine whether recovery would be against equity and good conscience or would defeat the purposes of the Act. *Goldstein v. Harris*, 517 F.Supp. 1314, 1319 (S.D.N.Y.1981).

### V. Conclusion

On the basis of a thorough evaluation of the evidence of record, this court finds that substantial evidence supports the Secretary's determination that plaintiff was overpaid income benefits for 1986 and 1987 and further, that plaintiff is not entitled to a waiver of recovery of the overpayment. The Secretary properly weighed the statutory and regulatory directives as applied to the plaintiff's case in reaching its decision. The court will therefore affirm the determination of the Secretary that plaintiff received overpayment of income benefits and that waiver of recovery is denied.